**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CR-17-10-GF-BMM** |
| Plaintiff, | |
| vs. | **ORDER** |
| THOMAS EDWARD MANCHA, | |
| Defendant. | |

Defendant Thomas Edward Mancha ("Mancha") moves under Federal Rule of Criminal Procedure 41(g) for the return of a pickup truck seized by the United States. (Doc. 85.)

"A person aggrieved [. . .] by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). A person possesses "no standing [under Rule 41(g)] to demand the return of that which was seized unless [he or she] has a claim of ownership." *Smith v. United States*, 590 F.2d 304, 305 (9th Cir. 1979).

Records demonstrate that another person, Mancha's wife, paid for the truck's registration and was listed as the truck's registered owner on insurance documents and on the truck's Montana Vehicle Registration. (Doc. 86-1.) Mancha killed his wife (with the truck he now seeks) and lacks any claim to the truck he may otherwise have possessed under Montana law governing intestacy, wills, and donative transfers. *See* Mont. Code Ann. § 72-2-813 ("[a]n individual who [. . .] feloniously and intentionally kills the decedent forfeits all benefits under this chapter with respect to the decedent's estate"); *see* (Doc. 58) (Offer of Proof describing the use of the "silver Dodge pick-up truck" in the killing).

Mancha lacks a claim of ownership as to the pickup truck and, therefore, lacks standing to seek the return of the pickup truck under Rule 41(g). *See e.g., United States v. Gaethle*, No. CR 19-58-M-DLC, 2024 WL 1374723, at *2 (D. Mont. Apr. 1, 2024) (finding criminal defendant's lacked standing to bring a claim for return of a vehicle under Rule 41(g) where it was "undisputed that [the defendant] is not a registered owner of the [motor vehicle]"); *compare United States v. Mulligan*, 488 F.2d 732, 737 (9th Cir. 1973) (a person had standing to seek return of a vehicle under Rule 41(g) where "despite the fact that the car was registered under a fictitious name, [the person] was nevertheless the true proprietor").

Accordingly, **IT IS ORDERED** that:

Mancha's Motion for Return of Seized Property Pursuant to Federal Rule of Criminal Procedure 41(g) (Doc. 85) is **DENIED**.

**DATED** this 6th day of June, 2024.


Brian Morris, Chief District Judge
United States District Court